IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JUN 1 6 2008

J.T. NOBLIN, CLERK
BY_____DEPUTY

**TERESA KELLY**                                                              **PLAINTIFF**

**VERSUS**                                  CIVIL ACTION NO. 1:08cv249 HSO-JMR

**STATE FARM FIRE AND CASUALTY COMPANY**                    **DEFENDANT**

## COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff, Teresa Kelly, files this Complaint against Defendant, State Farm Fire and Casualty Company, and in support would show the following:

### I.

At the time of the incident that gives rise to this Complaint, Plaintiff, Teresa Kelly ("Kelly"), was an adult resident citizen of the City of Bay St. Louis, County of Hancock, State of Mississippi.

### II.

The Defendant, State Farm Fire and Casualty Company ("State Farm"), is an Illinois corporation organized and existing under and by virtue of the laws of the state of Illinois with its principal offices located in Bloomington, Illinois.  At all materials

times mentioned herein, State Farm was authorized to do business in the state of Mississippi.

### III.

### JURISDICTION

Jurisdiction is vested in this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### IV.

Venue is proper in the United States District Court for the Southern District of Mississippi under 28 U.S.C. § 1391.

### V.

At all material times mentioned herein, Kelly was the owner of real property, improvements and personal property located at 107 Highway 90, Bay St. Louis, County of Hancock, State of Mississippi.

### VI.

### POLICY OF WIND INSURANCE

At all material times mentioned herein Kelly was the holder of policy number 99-00-3574-9. Plaintiff purchased the subject policy, commonly referred to as a business owner's policy. At all material times mentioned herein the premiums were paid in full and the subject policy was in full force and effect.

VII.

**HURRICANE KATRINA**

On or about August 29, 2005 Hurricane Katrina approached the Mississippi/Louisiana line and ultimately the center of the eye of Hurricane Katrina made landfall in an area between Ansley and Pearlington, Mississippi. As a result of the landfall of the eye of Hurricane Katrina, the Mississippi Gulf Coast, particularly Hancock, Harrison and Jackson Counties, were in the northeast quadrant of Hurricane Katrina, the most severe quadrant of a hurricane.

VIII.

At the aforementioned time and place, the property insured by State Farm suffered extensive damage by the violent and tornadic winds associated with Hurricane Katrina.

IX.

The aforementioned wind damage resulted in losses which were fully covered by the subject policy.

X.

As a result of the damages suffered by Hurricane Katrina, the above mentioned building sustained extensive damage, the business personal property was a total loss. Plaintiff further sustained a loss of business income. Moreover, coverage is provided under the subject policy in the sum of $74,600 for the building, up to twelve months of actual loss of business income , extra expense incurred, tree debris removal, increased cost and demolition coverage.

XI.

The Plaintiff, in accord with the subject policy, made application for full insurance benefits under the policy but State farm failed and refused to pay the benefits, and in fact has denied coverage, contending that all damage was caused by storm surge.

XII.

The Plaintiff has complied with all conditions precedent to obtaining full benefits under the subject policy.

XIII.

## COUNT ONE - BREACH OF CONTRACT

## COUNT ONE

As part of Count One, the Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs.

XIV.

Plaintiff would allege that State Farm has breached the terms and provisions in the subject contract by failing to pay the full insurance proceeds due and owing.

XV.

As a result of the breach of contract, Plaintiff has suffered a loss to the building and appurtenances, a loss of business personal property, loss of business income and has incurred extra expense.

XVI.

Under Count One, Breach of Contract, Plaintiff alleges that she is entitled to the full policy benefits (maximum coverage) allowable under the subject policy for damage

to the building and appurtenances, loss of business income and reimbursement of extra expenses incurred as well as any other coverages afforded by the subject policy. Attached to this Complaint as Exhibit "A" is a copy of the policy and declarations page. Plaintiff reserves the right to amend this Complaint to attach a complete copy of the subject policy once it is produced by Defendant.

## XVII.

## COUNT TWO

## TORTIOUS BREACH OF CONTRACT

As part of Count Two, Plaintiff readopts and realleges each and every allegation set forth in Count One (Breach of Contract) and the preceding paragraphs to Count One and make the same part of Count Two.

## XVIII.

Upon information and belief State Farm initially instructed its adjusters and claims representatives to find that the cause of the loss was storm surge or tidal wave, an exclusion under the policy. State Farm made a corporate decision to deny claims notwithstanding the existence of the physical and meteorological evidence. This corporate decision was made well in advance of property inspections and was part of a corporate scheme to deny coverage. Thereafter, State Farm would "pick and choose which claims to pay." Moreover, the Wind/Water Protocol adopted by State Farm violates the subject policy as well as existing Mississippi law.

XIX.

Plaintiff's property and the area adjacent to and surrounding Plaintiff's property clearly indicated wind, tornadic and/or microburst damage, all of which was well known to State Farm. Nevertheless, State Farm failed and refused to pay the full benefits due and owing.

XX.

Plaintiff would show that the actions of State Farm were willful, malicious and designed to intentionally shirk its contractual obligations. Plaintiff would show that the acts, commissions and omissions on the part of State Farm are tantamount to an independent tort for which the Plaintiff is entitled to the imposition of punitive damages in an amount consistent with the provisions of Section 11-1-65 of the Miss. Code. of 1972 Ann. as amended and the teachings of *State Farm v. Campbell*, 538 U.S. 408, (U.S., 2003).

XXI.

## COUNT THREE - ATTORNEY'S FEES

As part of Count Three the Plaintiff readopts and re-alleges each and every allegation set forth in Counts One and Two of the subject Complaint and the preceding paragraphs to Count One.

XXII.

Plaintiff submits that under case law decision, and consistent with the allegations set forth in the subject Complaint, she is entitled to an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Kelly sues and demands judgment of and from State Farm in the following sums:

1. For the maximum building /structure coverage under the subject policy, together with interest, post and pre-judgment;

2. Actual loss of business income, together with interest, post and pre-judgment;

3. Reimbursement of extra expenses incurred; and

4. Any and all other coverages to which she may be entitled to under the terms and conditions of the subject policy; and

5. Reasonable attorney's fees.

Respectfully submitted, this the 16 day of June, 2008.

        THERESA KELLY

        BY: OWEN, GALLOWAY & MYERS, PLLC

        BY: _____
            JOE SAM OWEN, MSB #3965

JOE SAM OWEN.
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813